[Cite as *State v. A.H.*, 2013-Ohio-2525.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98622**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## A.H.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-559933

**BEFORE:** Celebrezze, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEY FOR APPELLANT**

Joseph E. Feighan, III
14516 Detroit Avenue
Lakewood, Ohio   44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    John Hanley
          Joseph J. Ricotta
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, A.H.,[1] appeals his sentence received in the common pleas court following a guilty plea. After careful review of the record and relevant case law, we affirm appellant's sentence.

{¶2} On February 28, 2012, appellant was indicted by the Cuyahoga County Grand Jury in Cuyahoga C.P. No. CR-559933 on two counts of kidnapping in violation of R.C. 2905.01(A)(2), with firearm and forfeiture specifications; two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), with firearm and forfeiture specifications; three counts of theft in violation of R.C. 2913.02(A)(1), with firearm and forfeiture specifications; one count of felonious assault in violation of R.C. 2903.11(A)(2), with firearm and forfeiture specifications; and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(1), with a forfeiture specification.

{¶3} On April 30, 2012, appellant entered a guilty plea to one count of aggravated robbery with a one-year firearm specification attached thereto. The remaining counts were dismissed by the state. The facts presented at the plea hearing established that, on September 21, 2011, appellant and a codefendant stopped two victims at gun point and demanded their money. On May 30, 2012, the trial court sentenced appellant to six years

---

[1] On February 23, 2012, appellant was bound over from the Cuyahoga County Court of Common Pleas, Juvenile Division. Appellant was 16 years old at the time of his arrest.

on the aggravated robbery count and one year on the firearm specification, to run consecutively, for an aggregate seven-year term of imprisonment.

{¶4} Appellant now brings this timely appeal, raising five assignments of error for review:

> I.  The trial court's sentence was contrary to law for not considering all the factors required under [R.C.] 2929.11.
>
> II.  The trial court's sentence was contrary to law for not considering all the factors required under [R.C.] 2929.12.
>
> III. The trial court abused its discretion when it sentenced appellant to a six-year prison term for his conviction of aggravated robbery.
>
> IV. The trial court abused its discretion when it sentenced appellant to a one-year prison term consecutive to the six-year prison term imposed.
>
> V. The trial court committed reversible error when it sentenced appellant to a one-year mandatory prison term for firearm specification consecutive to the six-year prison term imposed for aggravated robbery without placing its reasons for doing so on the record pursuant to R.C. 2929.14(C)(4).

## Law and Analysis

### I.  Sentence Contrary to Law

{¶5} In his first and second assignments of error, appellant argues that his sentence is contrary to law based on the trial court's failure to consider the relevant factors under R.C. 2929.11 and 2929.12.  For the purposes of judicial clarity, we review these assignments of error together.

{¶6} Recently, this court addressed the standard of review appellate courts must utilize when reviewing challenges to the imposition of consecutive sentences. *State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891.  In *Venes*, we held that the standard of

review set forth by the Ohio Supreme Court in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, was no longer valid, stating in pertinent part:

> In *State v. Kalish * * *,* the supreme court considered the relevant standard of review in the post-*Foster* era in which the findings necessary to impose consecutive sentences under former R.C. 2929.14(E)(4) had been declared unconstitutional. A plurality of the court held that R.C. 2953.08(G)(2) was inapplicable because it expressly related to "findings" that had been abrogated as unconstitutional. Instead, the plurality set forth the following method of reviewing criminal sentences: (1) is the sentence contrary to law and (2) if not, was it an abuse of discretion. *Id.* at ¶ 14-19.

> *Kalish*, as is any plurality opinion, is of "questionable precedential value." *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994). Nevertheless, panels of this court have found it persuasive, at least insofar as it was applied to sentencing in the post-*Foster* era. *See, e.g., State v. Martinez*, 8th Dist. No. 96222, 2011-Ohio-5832, ¶ 6, fn. 1.

> The post-*Foster* era ended with the enactment of H.B. 86 and the revival of statutory findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4). By reviving the requirement for findings as a predicate for imposing consecutives, the ground offered by *Kalish* for rejecting the standard of review set forth in former R.C. 2953.08 — that it could not stand as a standard of review for a statute that improperly required findings of fact before imposing consecutive sentences — was nullified. With the basis for the decision in *Kalish* no longer valid, and given that *Kalish* had questionable precedential value in any event, we see no viable reasoning for continuing to apply the standard of review used in that case. Henceforth, we review consecutive sentences using the standard of review set forth in R.C. 2953.08.

*Venes* at ¶ 8-10.

{¶7} In the case at hand, appellant's first and second assignments of error do not challenge the trial court's imposition of consecutive sentences as raised by the defendant in *Venes*. Rather, appellant's challenge to the sentence imposed by the trial court derives from R.C. 2953.08(A)(4), which permits "a defendant who is convicted or pleads guilty to a felony [to] appeal as a matter of right the sentence imposed" on the grounds that "[t]he

sentence is contrary to law." Nevertheless, as with appeals challenging the imposition of consecutive sentences, a careful reading of R.C. 2953.08(G)(2) indicates that the standard of review applies equally to an appeal brought under R.C. 2953.08(A). *See* R.C. 2953.08(G)(2). Accordingly, we find that the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences.

{¶8} R.C. 2953.08(G)(2) provides in relevant part:

> The court hearing an appeal under division (A) * * * of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> ***

> (b) That the sentence is otherwise contrary to law.

{¶9} In light of the arguments raised by appellant in his first and second assignments of error, our review is limited to determining whether appellant's sentence is clearly and convincingly contrary to law based on the trial court's alleged failure to consider each of the relevant factors under R.C. 2929.11 and 2929.12.

{¶10} Although *Kalish* no longer provides the framework for reviewing felony sentences, it does provide this court with adequate guidance for determining whether a sentence is clearly and convincingly contrary to law. In *Kalish,* the court expressed that a sentence is not clearly and convincingly contrary to law where the trial court considers the

purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range. *Kalish* at ¶ 18; *State v. Rose*, 12th Dist. No. CA2011-11-241, 2012-Ohio-5607, ¶ 78.

{¶11} In the case at hand, appellant does not dispute that his sentence is within the permissible statutory range. Rather, appellant contends that the trial court could not have considered all the factors listed under R.C. 2929.11 and 2929.12 because "it did not have enough information regarding the victims," who elected not to appear at the sentencing hearing. However, contrary to appellant's position, the May 31, 2012 journal entry clearly indicates that the trial court considered "all the required factors of the law" and concluded that "prison [is] consistent with the purpose of R.C. 2929.11." See *State v. Kamleh*, 8th Dist. No. 97092, 2012-Ohio-2061, ¶ 61 ("The court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes"), citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18; *State v. Wright*, 8th Dist. No. 95096, 2011-Ohio-733, ¶ 4.

{¶12} Furthermore, the record reflects that before imposing appellant's sentence, the trial court considered the arguments of defense counsel, the presentence investigation report, and "all relevant seriousness and recidivism factors" to ensure that "the public is protected from future crimes and that [appellant] was punished appropriately." Thus, the sentencing transcript and journal entry reveal that the trial court adequately considered the relevant statutory considerations set forth in R.C. 2929.11 and 2929.12. The fact that the

victims did not provide a statement at the sentencing hearing does not negate our conclusion.

**{¶13}** For the foregoing reasons, we find that the sentence imposed by the trial court is not clearly and convincingly contrary to law.

**{¶14}** Appellant's first and second assignments of error are overruled.

## II.  Abuse of Discretion

**{¶15}** In his third assignment of error, appellant argues that the trial court abused its discretion when it sentenced him to a six-year prison term for his conviction of aggravated robbery.  Specifically, appellant contends that the mitigating factors contained in R.C. 2929.12 weighed heavily in his favor, thereby requiring a lower sentence than imposed. However, as directed by the Ohio legislature, this court's standard for review "is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  Accordingly, we are not entitled to review the trial court's R.C. 2929.12 considerations under an abuse of discretion standard.

**{¶16}** We note, however, that even if we were to analyze this assignment of error under the two-step procedure set forth in *Kalish*, and therefore go on to the second step to apply the abuse of discretion standard, we find no merit to appellant's arguments based on the seriousness of the offenses committed by him.  *See State v. Foster*, 12th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 16.

**{¶17}** Appellant's third assignment of error is overruled.

## III.  Firearm Specification

{¶18} In his fourth and fifth assignments of error, appellant collectively argues that the trial court erred when it ordered his one-year firearm specification to run consecutively to the six-year term imposed on his aggravated robbery conviction.

{¶19} Initially, appellant contends that the firearm specification and the aggravated robbery conviction should have merged for the purposes of sentencing because "the commission of one crime could not have occurred without the other." However, in *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 19, the Ohio Supreme Court conclusively held that a firearm specification and its predicate offense are not allied offenses of similar import "because a firearm specification is a penalty enhancement, not a criminal offense." Accordingly, appellant's allied offense argument is without merit.

{¶20} Next, appellant contends that the trial court failed to make the necessary findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive prison terms at sentencing. However, the case law pertaining to firearm specifications and sentencing is very clear. R.C. 2929.14(C)(1)(a) states:

> If a mandatory prison term is imposed upon an offender * * * for having a firearm on or about the offender's person or under the offender's control while committing a felony * * * the offender shall serve any mandatory prison term imposed * * * consecutively to and prior to any prison term imposed for the underlying felony * * *, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶21} Thus, the trial court was mandated by statute to run appellant's one-year sentence on the firearm specification consecutively to and prior to the six-year sentence

imposed on the underlying felony. Accordingly, the finding requirements of R.C. 2929.14(C)(4) were not applicable to the case at hand.

**{¶22}** Appellant's fourth and fifth assignments of error are overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR