[Cite as *State v. Lee*, 2013-Ohio-3404.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-09-182 |
| | : | O P I N I O N |
| - vs - | | 8/5/2013 |
| | : | |
| JASON MICHAEL LEE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-03-0378


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


        **RINGLAND, P.J.**

        {¶ 1}   Defendant-appellant, Jason Michael Lee, appeals from his conviction in the Butler County Court of Common Pleas for illegal processing of drug documents and aggravated possession of drugs.  For the reasons outlined below, we affirm.

        {¶ 2}   In March 2011, Lee was indicted on 12 counts of illegal processing of drug documents in violation of R.C. 2925.23(A), fourth-degree felonies, and two counts of

aggravated possession of drugs in violation of R.C. 2925.11, second-degree felonies. Subsequently, Lee pleaded guilty to one count of illegal processing of drug documents and two counts of aggravated possession of drugs. On September 28, 2011, a judgment of conviction was entered whereby the trial court sentenced Lee to 18 months in prison for illegal processing of drug documents, and eight-year mandatory prison terms for each of the two aggravated possession of drugs charges. All sentences were to run concurrently with each other and concurrent with a sentence imposed in Hamilton County for a separate offense. Lee appealed.

{¶ 3} On appeal, we found that the trial court violated Lee's right to allocution and reversed and remanded for resentencing. *State v. Lee*, 12th Dist. Butler No. CA2011-10-204 (June 18, 2012). At his resentencing hearing, Lee was given an opportunity to speak on his behalf. On August 23, 2012, the court again sentenced Lee on the charges. Lee was sentenced to 18 months in prison for illegal processing of drug documents and sentenced to seven-year mandatory prison terms for each of the two aggravated possession of drugs charges. All sentences were again to run concurrently with each other and concurrent with a sentence imposed in Hamilton County for a separate offense.

{¶ 4} Lee now appeals from the resentencing judgment entry of conviction, asserting one assignment of error for review:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO SEVEN YEARS OF MANDATORY TIME ON EACH COUNT OF AGGRAVATED POSSESSION OF DRUGS.

{¶ 6} Lee argues that his sentence was contrary to law. Specifically, Lee asserts that the trial court failed to consider the seriousness and recidivism factors in R.C. 2929.12 and failed to consider the overall purposes of sentencing as required by R.C. 2929.11. Furthermore, Lee argues that the trial court failed to impose a sentence that is the same as a

codefendant who committed similar conduct. Finally, Lee contends that the trial court should not have sentenced him to seven years mandatory time in prison for his aggravated possession of drugs charges because it impacts his ability to receive judicial release. We disagree.

{¶ 7} At the outset, we note that this court has consistently reviewed felony sentences under the two-step approach as outlined by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. *See*, *e.g.*, *State v. Birt*, 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379; *State v. Gatliff*, 12th Dist. Clermont No. CA2012-06-045, 2013-Ohio-2862; *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607. However, in our recent decision, *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, we stated that "'the post-Foster era ended with the enactment of 2011 Am.Sub.H.B. No. 86, effective September 30, 2011 * * *.'" *Id.* at ¶ 6, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 8. As a result, we found that "'rather than continue to apply the two-step approach as provided by *Kalish*'" in reviewing felony sentencing, "'the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences.'" *Id.,* quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7.

{¶ 8} When considering an appeal of a trial court's felony sentencing decision under R.C. 2953.08(G)(2), "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised

Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law."

{¶ 9} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *Venes*, 2013-Ohio-1891 at ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Quite the contrary, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review" for "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 10} That said, "[a]lthough *Kalish* no longer provides the framework for reviewing felony sentences, it does provide this court with adequate guidance for determining whether a sentence is clearly and convincingly contrary to law." *A.H.*, 2013-Ohio-2525 at ¶ 10. "A sentence is not clearly and convincingly contrary to law, where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible range." *State v. Micomonaco*, 12th Dist. Butler No. CA2011-07-139, 2012-Ohio-5239, ¶ 48, citing *Kalish* at ¶ 18.

{¶ 11} In light of the arguments raised by Lee, our review is limited to determining whether his sentence is clearly and convincingly contrary to law. *See A.H.* at ¶ 9. While the trial court did not specifically verbalize at the resentencing hearing that it had considered the overriding purposes and principles of felony sentencing as outlined in R.C. 2929.11, nor the seriousness and recidivism factors listed in R.C. 2929.12, the trial court made clear in its sentencing entry that it had properly considered these necessary sentencing statutes. *See State v. Lancaster*, 12th Dist. Butler No. CA2007-03-075, 2008-Ohio-1665, ¶ 4; *State v. Leopard*, 2d Dist. Clark No.2010-CA087, 2011-Ohio-3864, ¶ 44; *State v. Parsons*, 3d Dist.

Auglaize No. 2-10-17, 2011-Ohio-168, ¶ 16. In fact, the trial court specifically stated in its sentencing entry that it considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and * * * balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12." Consequently, Lee's sentence is not contrary to law merely because the trial court failed to specifically cite to either statute during his resentencing hearing. *See State v. Hall*, 12th Dist. Warren No. CA2011-05-043, 2011-Ohio-5748, ¶ 7; *State v. Hensley*, 12th Dist. Butler No. CA2011-04-078, 2011-Ohio-6350, ¶ 7.

{¶ 12} R.C. 2929.11(B) provides in relevant part that "[a] sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." Consistency in sentencing, however, does not require uniformity. *State v. Isreal*, 12th Dist. Butler No. CA2010-07-170, 2011-Ohio-1474, ¶ 70. A defendant has no substantive right to a particular sentence within the statutorily authorized range, and there is no requirement that codefendants receive equal sentences. *State v. Hall*, 10th Dist. Franklin No. 09AP-302, 2009-Ohio-5712, ¶ 9. Furthermore, "[a] consistent sentence is not derived from a case-by-case comparison, but from the trial court's proper application of the statutory sentencing guidelines." *Isreal* at ¶ 72. Consequently, in order for a defendant to successfully claim inconsistent sentencing, the defendant must show that the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12. *Id.*

{¶ 13} We reject the argument that Lee's sentence is contrary to law because the trial court failed to impose a sentence that is the same as another offender who committed similar conduct. Each prison term was within the applicable statutory range and, as discussed above, the trial court considered the statutory factors and guidelines found in R.C. 2929.11 and 2929.12. *Isreal* at ¶ 73; *Micomonaco*, 2012-Ohio-5239 at ¶ 53.

{¶ 14} Finally, Lee argues that the length of the mandatory sentence of seven years

directly impacts his ability to apply for judicial release. R.C. 2929.20(C)(1) provides that when a sentence is mandatory an eligible offender may not apply for judicial release earlier than "thirty days after the expiration of all mandatory prison terms." Lee pleaded guilty to two counts of aggravated possession of drugs; the drugs involved, specifically Oxycodone, equaled or exceeded five times the bulk amount but less than 50 times the bulk amount, felonies in the second degree. *See* R.C. 2925.11(C)(1)(c). In such a situation "the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." *Id.* "For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). Consequently, the mandatory prison term of seven years for each of the two aggravated possession of drug charges ordered to be served concurrently was mandatory and within the applicable statutory range, regardless of any effect on Lee's ability to obtain judicial release with a lesser mandatory term.

{¶ 15} Furthermore, while the General Assembly has explicitly stated that with the passage of R.C. 2953.08(G)(2) the appropriate standard of review for this court is not abuse of discretion, if we were to review this matter for an abuse of discretion, we would find that the trial court did not abuse its discretion sentencing Lee. In addition to considering the appropriate factors, the trial court considered the extent of Lee's involvement. While Lee's sentence was longer than the sentence of his codefendant, the trial court recognized that Lee was "kind of the brains behind the operation" and "kind of the king pin."

{¶ 16} In light of the foregoing, we cannot say the trial court's decision to sentence Lee to seven years in prison on each aggravated possession of drug offense and 18 months in prison for illegal processing of drug documents to run concurrently, a longer term than his co-defendant, is contrary to the standard of review outlined by R.C. 2953.08(G)(2). Lee's sole assignment of error is overruled.

{¶ **17**} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.