[Cite as *State v. Willis*, 2014-Ohio-3729.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101052**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LATESHA D. WILLIS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-578384-A

**BEFORE:** E.A. Gallagher, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Milko Cecez
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Latesha Willis appeals her convictions in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

{¶2} An indictment was returned against Willis charging her with aggravated robbery with both one- and three- year firearm specifications and possessing criminal tools. Appellant plead not guilty to the charges, waived her rights to a jury trial and the case proceeded to a bench trial.

{¶3} The facts presented at trial were as follows: on September 18, 2013, Latesha Willis entered the Dollar Bank located at 5301 Wilson Mills Road, in Richmond Heights, Ohio. Lutisha Bitting, a Dollar Bank customer service assistant testified that Willis entered the bank approximately 15 minutes before closing and was speaking on a cell phone, wearing a "black scarf on her head with big glasses, like sunglasses * * *." While still using the cell phone, appellant entered Bitting's office, ignored Bitting's greetings and inquired "It's only one teller working today?" As Bitting's suspicions were aroused, she pressed an alarm button.

{¶4} Willis then approached a teller, Briana Williams, who testified that Willis "placed down a piece of paper" that was folded in half and then stated "Don't say anything. Just do it." Willis put a white grocery bag on the counter, told Williams not to give her any bait money or dye packs and continued to speak to Williams stating that "they're watching me right now, and they would kill her if she didn't do it."

**{¶5}** Willis then opened a bag that she was carrying, exhibited to Williams a black gun that was contained therein and asked "Do you see this, I'm not playing with you."

**{¶6}** Ms. Williams then placed into the white plastic Dollar Tree bag that had been provided by Willis, a total of $3,924. Willis took the white Dollar Tree bag, placed it inside of a red Nike bag, left the bank and walked to Richmond Mall.

**{¶7}** Detective Sergeant Darren Porter testified that he and patrol officers were dispatched to a bank robbery at Dollar Bank. After being provided with a description of the perpetrator, Porter went to and entered Richmond Mall and ultimately found the appellant as she exited a women's restroom. Porter and a responding lieutenant had been provided with information that Willis was possibly armed. When officers identified themselves and instructed her to stop, Willis turned and re-entered the restroom. Officers pursued her and effected an arrest. The red Nike backpack that she had been carrying was recovered and found to contain an unloaded handgun, a loaded magazine, $3,924 cash inside of a Dollar Tree bag, one handwritten note that read "I will shot. [sic] Give me all the money" and another that read "Give me all the money or I'm gone shot.[sic]" The appellant made spontaneous statements denying culpability and said to the officers that "somebody shoved this bag in my chest and told me if I didn't take it, they were going to kill me."

**{¶8}** Willis testified and claimed that she was forced to rob the bank by two males. Her testimony was inconsistent and contradictory to the testimony of the other witnesses as well as surveillance video evidence from the bank.

**{¶9}** The trial court returned a verdict finding Willis guilty of both aggravated robbery with one- and three-year firearm specifications and possessing criminal tools. The trial court merged the two firearm specifications and imposed a six-year sentence on the aggravated robbery charge to be served consecutively to the three-year firearm sentence and imposed a 12-month sentence for the possessing criminal tools charge that was ordered to be served concurrently for an aggregate sentence of nine years. This appeal followed.

**{¶10}** Willis' first assignment of error states:

The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that the appellant was guilty of Aggravated Robbery with firearm specifications.

**{¶11}** This court has said that, in evaluating a sufficiency of the evidence argument, courts are to assess not whether the state's evidence is to be believed but whether, if believed, the evidence against a defendant would support a conviction. *State v. Givan*, 8th Dist. Cuyahoga No. 94609, 2011-Ohio-100, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The relevant inquiry then is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

**{¶12}** Willis was convicted of aggravated robbery in violation of R.C. 2911.01 with an attached three-year firearm specification in violation of R.C. 2941.145(A). R.C. 2911.01(A)(1) provides:

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it

**{¶13}** R.C. 2941.145(A) adds a mandatory three consecutive years to a sentence where an offender "had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."

**{¶14}** Willis argues that the state failed to produce evidence to satisfy the firearm related aspects of her aggravated robbery conviction and the attached specification. We disagree. The note that Willis presented to Williams plainly referenced the threat of use of a firearm, she had a firearm under her control in her Nike bag and she displayed the gun to Williams in order to gain her compliance. We find that the state presented sufficient evidence to satisfy both R.C. 2911.01(A)(1) and 2941.145(A).

**{¶15}** Willis' first assignment of error is overruled.

**{¶16}** Willis' second assignment of error states:

Appellant's conviction for Aggravated Robbery and the Firearm Enhancement Specifications were against the manifest weight of the evidence.

**{¶17}** A manifest weight challenge questions whether the prosecution met its burden of persuasion. *State v. Byrd*, 8th Dist. Cuyahoga No. 98037, 2012-Ohio-5728, ¶

27. When considering a manifest weight challenge, a reviewing court reviews the entire record, weighs the evidence and all reasonable inferences therefrom, considers the credibility of the witnesses and determines whether the finder of fact clearly lost its way. *State v. Jackson*, 8th Dist. Cuyahoga No. 86542, 2006-Ohio-1938, ¶ 29. A reviewing court may reverse the judgment of conviction if it appears that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.*

**{¶18}** Willis reiterates her arguments regarding the firearm aspects of the case and additionally argues that the trial court's judgment was against the manifest weight due to her own testimony as to being forced to rob the bank by two males. We disagree. Willis' arguments regarding the firearm are sufficiently covered in the first assignment of error and her manifest weight argument adds nothing further for us to consider. With respect to her duress argument, we note that her testimony was self-serving, inconsistent and contradicted the significant evidence offered by the state including the surveillance video. In light of the evidence presented at trial, we cannot say that the finder of fact clearly lost its way in finding appellant guilty of the above offenses.

**{¶19}** Willis' second assignment of error is overruled.

**{¶20}** Willis' third assignment of error states:

The trial court erred in imposing the appellant's sentence when it failed to make the required findings under R.C. 2929.11 and R.C. 2929.12.

**{¶21}** Willis argues that the trial court failed to properly consider the purposes and principles of felony sentencing contained in R.C. 2929.11 or the seriousness and recidivism factors of R.C. 2929.12.

**{¶22}** This court no longer applies the abuse of discretion standard of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, when reviewing a felony sentence. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Instead, we follow the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶23}** A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease

control and sentences a defendant within the permissible statutory range. *A.H.* at ¶ 10, citing *Kalish*.

{¶24} The record in this case reflects that the trial court did, in fact, consider R.C. 2929.11 in sentencing Willis. The trial court's sentencing entry clearly indicates that the court considered "all required factors of law." The trial court allowed appellant and her counsel to advocate for a lesser sentence. The trial court noted that Willis was a college-educated mother in her late 30s with no criminal record. However, the trial court also considered the seriousness of the offense, the use of a firearm and the fact that she had lied to police upon being apprehended. Finally, Willis' sentences are within the permissible statutory range. Willis' argument that the trial court failed to consider R.C. 2929.11 is without merit.

{¶25} Accordingly, Willis' third assignment of error is overruled.

{¶26} Sua sponte, we note that the sentencing entry contains a clerical error wherein Count 2 is mislabeled as Count "5." We remand for correction of this error.

{¶27} The judgment of the trial court is affirmed and the case is remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J. and
KATHLEEN ANN KEOUGH, J., CONCUR