[Cite as *State v. Norman*, 2018-Ohio-2929.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 105218

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MALIK M. NORMAN**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601029-C

**BEFORE:** Celebrezze, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** July 26, 2018

**ATTORNEYS FOR APPELLANT**

Matthew M. Nee
Leigh S. Prugh
Nee Law Firm
26032 Detroit Road, Suite 5
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Anna M. Faraglia
        Mary McGrath
        Anthony Thomas Miranda
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Malik Norman, (hereafter "Norman"), appeals his sentence and denial of his motion to withdraw his guilty plea. Norman argues that the trial court erred by failing to consider R.C. 2929.11 and 2929.12 and thus his prison sentence was contrary to law. Norman also argues that the trial court erred in denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} Norman and three codefendants were indicted for aggravated murder, murder, felonious assault, and weapons charges all with multiple firearm specifications stemming from a drive-by shooting that resulted in the death of a five-year-old child who was playing outside with other children in an apartment courtyard. Norman and three other codefendants, Marlon Hackett, Jr. (hereafter "Hackett"), Richard Fields (hereafter "Fields"), and Demetric Croskey (hereafter "Croskey"), were riding in a vehicle owned by Norman and driven by Hackett. While these individuals were driving around, they encountered some other individuals; one of these individuals was Dontavius Williams (hereafter "Williams") with whom Hackett had prior problems. When these individuals encountered Williams, Norman pulled out a firearm and attempted to shoot at Williams, but Norman's firearm jammed and it did not discharge. Realizing Norman's gun jammed, Hackett pulled out his own firearm and began shooting at Williams. Williams, also in possession of a firearm, fired shots at the vehicle. As a result of these shootings, the young child was struck in the chest by a single bullet and died. Ballistic analysis later determined that the bullet that struck and killed the young child came from the firearm used by Hackett. Norman, Hackett, the two occupants of Norman's vehicle, Fields and

Croskey, and Williams were all charged in connection with the killing of the young child.

{¶3} On June 20, 2016, Norman pled guilty to an amended indictment of one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a first-degree felony, with a three-year firearm specification. All remaining counts were nolled, including the murder charges, as part of the plea agreement with the state. A presentence investigation report was ordered by the trial court. Thereafter, on August 29, 2016, the trial court sentenced Norman to an aggregate 14-year prison term. Norman filed his notice of appeal on December 1, 2016.

{¶4} On July 17, 2017, months after filing his notice of appeal, Norman filed a motion in the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1 and a motion for this court to remand the matter to the trial court to address the motion. This court granted Norman's motion to remand for the sole purpose of ruling on his motion. Thereafter, on September 20, 2017, the trial court denied Norman's motion to withdraw his guilty plea without a hearing. Both Norman and the state thereafter filed their briefs to this court.

{¶5} Norman filed the instant appeal, assigning two errors for review:

I. The [t]rial [c]ourt erred by failing to consider felony sentencing principles in R.C. 2929.11 and 2929.12 and, therefore, Malik Norman's sentence is contrary to law under R.C. 2953.08(G)(2).

II. The [t]rial [c]ourt erred in denying Malik Norman's motion to withdraw his guilty plea under Crim.R. 32.1.

## II.   Law and Analysis

### A.   Felony Sentencing Purposes and Principles

{¶6} In his first assignment of error, Norman argues that the trial court did not consider the purposes and principles of the felony sentencing guidelines pursuant to R.C. 2929.11 and 2929.12, and thus, his sentence is contrary to law under R.C. 2953.08(G)(2). The limitations of

an appellate court's review of a trial court's imposition of felony sentences is set forth in R.C. 2953.08. An appellate court may modify a sentence only if the court "clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶7} In the instant matter, Norman argues that the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 in imposing a maximum sentence.

{¶8} R.C. 2929.11 directs a court to consider the "overriding" purposes of felony sentencing, which consist of: (1) "protect[ion of] the public from future crime by the offender or others," and (2) "punish[ing] the offender." R.C. 2929.11(A). The sentencing court is to accomplish these purposes using "minimum sanctions" and without placing any "unnecessary burden on state or local government resources." *Id*. To achieve these purposes, a court must also consider the need for incapacitation, deterrence, rehabilitation, and restitution. *Id*. An appropriate sentence is thus one "reasonably calculated" to achieve the overriding purposes of felony sentencing and is "commensurate with," while "not demeaning the seriousness" of, the conduct and its impact. R.C. 2929.11(B).

{¶9} Pursuant to R.C. 2929.12, the trial court has discretion to "determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The trial court must consider applicable factors from divisions (B) and (C) relating to the "seriousness of the conduct," and divisions (D) and (E) relating to recidivism. *Id*. The statute also permits

the trial court to consider "any other factors that are relevant to achieving those purposes and principles of sentencing." *Id*.

{¶10} In our review of the transcript from the sentencing hearing, we find that the trial court considered the factors set forth in R.C. 2929.11. The trial court, prior to imposing Norman's sentence, had previously heard statements from the victim's parents at Hackett's sentencing hearing that was held prior to Norman's sentencing. Further, at Norman's sentencing hearing, an assistant prosecuting attorney reiterated facts relative to the case that the trial court had previously heard at Hackett's sentencing. Defense counsel also provided mitigating circumstances, and the trial court then engaged in a brief conversation with Norman, with Norman admitting his guilt to the trial court. The trial court then added the following:

> Our community is plagued by a rash of gun violence carried out mainly by young men with poorly developed frontal lobes armed with firearms. It's hard for any member of our community, including myself, to imagine to put themselves in your shoes, driving around in your car, and just looking for people to shoot up. The presentence investigation indicates that is exactly what you and your co-defendants were doing. Although some co-defendants tried to persuade the two of you to refrain from shooting at other people. It's my understanding your gun jammed that night and that's why your co-defendant brought out his handgun. So I'm going to sentence you to three years on the firearm specification to be served prior to and consecutive with 11 years on the base count for a total sentence of 14 years less credit for time served * * * I have considered the seriousness and recidivism factors. There's really no justice for [the victim] here. He's gone. His family will have a hole in their soul to deal with for the rest of their life. I question what kind of soul you have. Good luck.

(Tr. 27.)

{¶11} Contrary to Norman's assertions, the record reflects that the court fulfilled its statutory obligation. During the sentencing hearing, the trial court stated that it "considered the seriousness and recidivism factors." In addition, the trial court in its journal entry stated that it "considered all required factors of the law" and further stated that a prison term "is consistent

with the purpose of R.C. 2929.11." The trial court's statements at the sentencing hearing demonstrate that it considered the required statutory factors, and without more, would be sufficient to fulfill its obligations under the sentencing statutes. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18; *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4. The case law is clear that a sentencing court need not state anything further than it considered all required statutory factors to fully comply with the sentencing statutes. *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61.

{¶12} In light of the above, we find that the trial court's sentence is not contrary to law. The trial court's 11-year prison sentence on Count 1, involuntary manslaughter, is within the permissible statutory range for first-degree felonies set forth in R.C. 2929.14(A)(1). We find no merit to Norman's argument that the trial court did not consider R.C. 2929.11 and 2929.12 in imposing his sentence. The record reflects that trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Accordingly, Norman's first assignment of error is overruled.

### B. Motion to Withdraw Guilty Plea

{¶13} In his second assignment of error, Norman argues that the trial court should have granted his motion to withdraw his guilty plea based on newly discovered evidence. The newly discovered evidence upon which Norman sought to withdraw his plea consisted of affidavits from codefendants Fields and Hackett that purportedly demonstrated that Norman had no involvement in the shooting.

{¶14} Crim.R. 32.1 allows a criminal defendant to motion the court to withdraw previously entered guilty pleas. Motions made prior to sentencing are governed by a liberal

standard that should err on the side of granting withdrawal. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

> "Under Crim.R. 32.1, a defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. A manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process. *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13. This heightened standard is in place because 'a defendant should not be encouraged to plead to test the potential punishment and withdraw the plea if the sentence is unexpectedly severe.' *Cleveland v. Jaber*, 8th Dist. Cuyahoga Nos. 103194 and 103195, 2016-Ohio-1542, ¶ 18."

*State v. Thomas,* 8th Dist. Cuyahoga No. 105375, 2018-Ohio-1081, ¶ 39, citing *State v. Colon*, 8th Dist. Cuyahoga No. 104944, 2017-Ohio-8478, ¶ 7.

{¶15} The determination of whether a defendant has demonstrated a manifest injustice is left to the sound discretion of the trial court. *Colon* at ¶ 9, citing *State v. Blatnik*, 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984), *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus, and *Jaber* at ¶ 17. We review a trial court's determination of whether a defendant demonstrated a manifest injustice for an abuse of discretion. *Colon* at *id.*, citing *Blatnik* at 202.

{¶16} A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea. *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11, citing *State v. Chandler*, 10th Dist. Franklin No. 13AP-452, 2013-Ohio-4671, ¶ 7. "A hearing is required only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *Vihtelic* at *id.*, citing *Chandler* at *id.*, and *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 23. We review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *Vihtelic* at *id.*

{¶17} After reviewing the record, we find that Norman failed to meet his burden of demonstrating the existence of a manifest injustice. Norman argues that because this newly discovered evidence was not made available to him prior to entering his plea, his plea without knowledge of the newly discovered evidence demonstrates a manifest injustice. Norman further argues that had this evidence been made available to him at the time he made his plea, he would not have entered a guilty plea.

{¶18} As stated above, the newly discovered evidence were affidavits from Hackett and Fields. Both affidavits purported that Norman himself did not possess a firearm at any time during the shooting. In particular, with regard to Fields, he had previously proffered a statement to law enforcement whereby he inculpated Norman in the shooting. However, in Fields's affidavit, he recanted this statement and stated that Norman never had a gun.[1]

{¶19} As an initial matter, we note that Norman pled guilty to an amended indictment. As part of the plea negotiations with the state, Count 1, aggravated murder with a five-year firearm specification, three-year firearm specification, and one-year firearm specification was amended to involuntary manslaughter with a three-year firearm specification. An additional count of murder, two counts of felonious assault, and three counts of weapons charges were all nolled. These nolled counts all included five-year, three-year, and one-year firearm specifications. Therefore, we are cautious to accept Norman's argument that had the affidavits been available to him, he would not have pled guilty.

---

[1]In addition, we note that the state in its brief before this court (and in its brief in opposition in the trial court) presented recorded phone calls by Fields to Hackett, who was incarcerated. These calls in essence demonstrate an orchestrated attempt by Norman to coerce Fields and Hackett to write these affidavits. Namely, a call placed by Fields to Hackett stated "I did talk to [Norman] * * * he wanted me to write him that affidavit to get him out of this [expletive]." State's brief at 10-11.

{¶20} Although not explicitly stated in his brief, Norman essentially argues that these affidavits would support Norman's claim of innocence. When faced with a claim of innocence, "'the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement.'" *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27, quoting *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991). Likewise, a defendant's claim of innocence is not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *Minifee* at ¶ 27, citing *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

{¶21} Norman's reliance on Fields's purported recantation of his proffered statement may suggest, at the very most, useful "cross-examination fodder." *See State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 23 (affirming trial court's denial of motion to withdraw where the motion only alleged flaws in the state's evidence or the lack of evidence, which defendant argued would be insufficient to convict him of the crimes); *see also State v. Robinson*, 9th Dist. Summit No. 27641, 2015-Ohio-4262 (where the trial court failed to address the weight of the affidavits submitted by the defendant at the hearing on the motion to withdraw his guilty plea, and thus, its decision to deny the motion to withdraw constituted an abuse of discretion).

{¶22} We find that the affidavits merely serve as a questionable recantation from a codefendant, which the trial court was free to find as credible or not credible. *See State v. Wynn*, 131 Ohio App.3d 725, 723 N.E.2d 627 (8th Dist.1998)(where this court ruled that a

postsentence motion to withdraw a guilty plea was properly denied because the victim's questionable recantation, even if true, did not require the court to grant the motion). Lastly, we note that this matter did not go to trial; Norman entered a guilty plea to an amended indictment. Moreover, in our review of the record, we further note that as part of the plea agreement, Norman had agreed to testify against the other codefendants if necessary. Thoroughly examining the above procedural facts and circumstances, we cannot say the trial court abused its discretion in finding the affidavits to be not credible. Accordingly, Norman's arguments here with regard to the purported newly discovered evidence are without merit.

{¶23} Even if accepted as true, the affidavits would not exculpate Norman. In considering Norman's originally indicted charges, it was not necessary that Norman be the actual gunman for him to be charged with murder, felonious assault, or any of the firearm specifications. *Wynn* at ¶ 21. Furthermore, we also note the additional evidence implicating Norman in the crime. Most notably, that Cleveland police located a loaded black 9 mm handgun while executing an arrest warrant for Hackett. It was later determined that the round that struck and killed the victim was from a .38 caliber revolver. However, this 9 mm was test fired and deemed operable for the first and second rounds but the firearm would misfire the following six rounds. This coincides with the prosecutor's recitation of the facts at the sentencing hearing that Norman tried to shoot Williams but was unable to do so because his gun jammed.

{¶24} In reviewing the record, we further note that the trial court conducted a very thorough plea colloquy with Norman. Norman was represented by two attorneys, both present at the plea hearing. Moreover, Norman's attorneys successfully negotiated a plea agreement with the state that resulted in the dismissal of aggravated murder, murder (removing the possibility of

Norman being sentenced to life in prison), and felonious assault charges, all with five-year, three-year and one-year firearm specifications. At the plea hearing, the trial court went through the charges and the possible sentences with Norman, including the possible sentencing range. The trial court explained Norman's rights, the nature of the charges, the potential penalties, and satisfied itself that Norman was happy with his counsel and that he understood the proceedings.[2] Undeniably, our review of the record shows that Norman had a full and thorough plea hearing and was represented by counsel.

{¶25} We cannot say that the trial court abused its discretion in finding that Norman failed to demonstrate his actual innocence because he admitted to the trial court on the record that he tried to shoot Williams. At the plea hearing, Norman expressed his sorrows stating, "I do feel sorry for what happened, your honor." Further, the trial court noted that "Norman admitted during his sentencing that he tried to shoot Williams, apologized for the tragedy at hand and took full responsibility for his actions." In our review of the transcript from the sentencing hearing, we observe that Norman admitted his guilt to the trial court.

THE COURT:   What did you have against [Williams]?

[Norman]:   Nothing

THE COURT:   Pardon me?

[Norman]:   Nothing.

---

[2]Moreover, we note that the trial court also took liberty to inquire to all parties whether or not they believed that the trial court complied with the Crim.R. 11 plea colloquy stating:

[L]et the record reflect the court is satisfied that Mr. Norman did enter into this plea agreement in a knowing, intelligent and voluntary fashion. Counselor, are you satisfied the court has complied with criminal rule 11?

[Norman's first defense counsel]:   Yes, your Honor.
[Norman's second defense counsel]:   Yes.
[Assistant prosecuting attorney]:   Yes, your Honor.

THE COURT: Wasn't it [Williams] you were attempting to shoot at?

[Norman]:    Yeah.

THE COURT:    So you're attempting to shoot a person that you had no beef with?

[Norman]: My friend had a beef with him.

Court:    So you had no beef with him but you just thought it would be okay to shoot him?

[Norman]:    I said to help a friend.    Yes.

(Tr. 25-26.)

{¶26}    In our review of the record, we cannot say the trial court abused its discretion in denying Norman's postsentence motion to withdraw his guilty plea.    We further agree with the trial court's determination that Norman failed to demonstrate that he did not enter his guilty plea voluntarily, intelligently and knowingly; and we agree that Norman failed to demonstrate that he is actually innocent.    As discussed above, the trial court went to great lengths to ensure Norman's plea was knowingly, intelligently, and voluntarily made.    The trial court reviewed and considered the affidavits provided in support of Norman's motion and found the affidavits to be not credible.    Accordingly, Norman's second assignment of error is overruled.

### III. Conclusion

{¶27} Based on the foregoing analysis, we affirm the trial court's judgment.

{¶28} We find that the trial court's sentence is not contrary to law.    The sentence is within the permissible statutory range, and the record reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

**{¶29}** With regard to the denial of Norman's motion to withdraw his guilty plea, we find that the trial court did not abuse its discretion by finding that Norman failed to demonstrate that he did not enter his guilty plea voluntarily, intelligently and knowingly; and we also agree that Norman failed to demonstrate that he is actually innocent.

**{¶30}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR