[Cite as *State v. McCrory*, 2022-Ohio-942.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110202 |
| v. | : | |
| JAMES MCCRORY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 24, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-647931-A and CR-20-650375-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary Court Weston, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant James McCrory ("appellant") appeals his sentence by the Cuyahoga County Court of Common Pleas for charges of rape and burglary. Appellant contends that the trial court erred because it mistakenly believed that the

sentence it imposed was not mandatory. After a thorough review of the facts and applicable law, we affirm the judgment of the court.

## I. Factual and Procedural History

**{¶ 2}** The substantive facts of this case are not relevant to the issue raised in the instant appeal. Appellant was originally charged with one count of rape involving a child under 13 years of age and two counts of gross sexual imposition stemming from an incident in 2001.

**{¶ 3}** While the rape case was pending, appellant was charged with a new case consisting of charges of burglary, with accompanying notice of prior conviction and repeat violent offender specifications, theft, petty theft, and criminal damaging.

**{¶ 4}** Appellant and the state entered into a plea agreement wherein appellant pled guilty to an amended count of rape that carried a possible prison sentence of three to ten years, and an amended count of burglary that carried a possible sentence of one to five years in prison.

**{¶ 5}** In exchange for appellant's plea of guilty to rape, the state removed the "furthermore" language, which reduced the penalty from life imprisonment to a term of prison of three to ten years. Additionally, as part of the plea, the state dismissed both counts of gross sexual imposition in Counts 2 and 3 (which did not merge and would have added a potential additional ten years in prison).

**{¶ 6}** Further, in exchange for appellant's plea of guilty to burglary, the state amended the burglary charge to remove the specifications and nolled the remaining counts.

**{¶ 7}** The state outlined the plea offer on the record, including the fact that by pleading guilty, appellant could not receive probation and would not be eligible for judicial release.

**{¶ 8}** Appellant was represented by counsel and informed at the plea hearing that he was facing the above prison sentence ranges for each charge. The trial court further advised appellant of his rights under Crim.R. 11 and determined that he understood and intended to waive them. At the end of the plea colloquy, appellant pled guilty to the 2001 rape charge and the 2020 burglary charge.

**{¶ 9}** At the plea hearing, the court stated as follows:

> Based upon the statements of the prosecuting attorney, as well as your lawyer, I believe it's your intention in Case No. 647931 to plead guilty to the amended Count 1, rape. That is a felony of the first degree. And because it occurred in 2001, it is my understanding that you are electing to go forward under the sentencing guidelines that were in place at that time pursuant to Senate Bill 2 and the penalties at that time are 3 to 11 years in prison.
>
> [APPELLANT'S COUNSEL]: It's ten, Judge. The time is three to ten.
>
> THE COURT: Say it again?
>
> [APPELLANT'S COUNSEL]: It was three to ten at that time, your Honor.
>
> THE COURT: That's what I just said.
>
> [APPELLANT'S COUNSEL]: You said 11.
>
> THE COURT: I thought I said three to ten. Okay. Sorry.
>
> [APPELLANT'S COUNSEL]: I'm sorry to interrupt you.
>
> THE COURT: Did I say 3 to 11?

THE REPORTER:  You did.

THE COURT:  Okay.  My bad.  All right.  Three to eleven[1 sic] years in prison and a fine of up to $20,000.  And you would also be considered a sexually-oriented offender.

{¶ 10} Appellant pled guilty, and the court sentenced him to a prison term of ten years on the rape count and one year on the burglary count, to run concurrently for an aggregate prison term of ten years.  Appellant appealed his sentence, raising one assignment of error for our review:

> The trial court sentenced the defendant under the mistaken belief that the prison term imposed was not mandatory.

## II. Law and Analysis

{¶ 11} In his sole assignment of error, appellant argues that the trial court erred in mistakenly believing that the prison term imposed was not mandatory.  Appellant contends that the trial court imposed a sentence that was longer than it believed it was imposing and points to the following statements by the court at the sentencing hearing:

> Unless you are serving a prison term that cannot be reduced under the law, defendant may be eligible to earn one or five days credit towards his sentence for each completed month during which the defendant participates in educational or other programming.  In addition, the defendant may earn up to five days credit towards his sentence for successful completion of a second such program.  This earned credit is not automatic but must be earned by the defendant.

---

[1] While the court ultimately stated the incorrect sentencing range of three to eleven years rather than three to ten, appellant does not cite the misstatement as error, and it has no bearing on the issue raised in this appeal.

{¶ 12} Appellant maintains that the trial court believed that its sentence could be reduced by the earned credit provisions, and that the plea colloquy, the sentencing hearing, and the journal entry all reflected that the trial court was not aware that the sentence being imposed was mandatory. Appellant asserts that the sentence must be vacated and the matter remanded for a new sentence.

{¶ 13} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929; or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶ 14} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶ 15} In the case sub judice, appellant does not argue that his sentence is contrary to law. Rather, he surmises that, by mentioning the potential application of earned credit to his sentence, that the trial court imposed a sentence longer than what it believed it was imposing. This assertion does not fall under our permitted

review of appellant's sentence. Regardless of what the trial court may have believed, it imposed a proper sentence that was not contrary to law. While it is true that earned credit would not apply to appellant's sentence and therefore had no place being mentioned, we cannot find any error in appellant's sentence.

{¶ 16} Finally, the state appears to have construed appellant's appeal to argue that the trial court failed to advise him that he was not subject to early release. This argument was not asserted by appellant, and therefore, we need not address it.

### III. Conclusion

{¶ 17} Appellant's sentence was not contrary to law. His sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR