[Cite as *State v. Gonzalez*, 2015-Ohio-4765.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102579**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GEORGE D. GONZALEZ

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-581043-A

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 19, 2015

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
2nd Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Lon'Cherie D. Billingsley
Assistant Prosecuting Attorney
The Justice Center Courts Tower
1200 Ontario Street, 9th Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant George Gonzalez appeals his sentence from the Cuyahoga County Court of Common Pleas. Gonzalez argues that the trial court erred by failing to consider R.C.2929.12 at sentencing and by imposing consecutive sentences without making the appropriate findings.   For the following reasons, we affirm.

{¶2} Gonzalez pled no contest to one count of failure to verify address in violation of R.C.2950.06(F) and the trial court imposed a two year prison sentence.

{¶3} In his first assignment of error, Gonzalez argues that the trial court erred in failing to consider the seriousness and recidivism factors in R.C. 2929.12.

{¶4} When reviewing a felony sentence, we follow the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

*Id.*

**{¶5}** A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control and sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

**{¶6}** Although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52. While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered. *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. In this instance, the trial court's sentencing entry states that it "considered all required factors of law." This court has found that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

**{¶7}** Gonzalez also argues that the trial court abused its discretion in imposing a two year prison term. This court has previously explained that, "[t]he decision as [to]

how long a sentence should be — assuming it falls within a defined statutory range — is a pure exercise of discretion." *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 16. Trial courts have full discretion to impose a prison sentence within the statutory range. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Apart from any claim that the sentencing judge failed to fulfill a statutorily mandated obligation before imposing sentence, a sentence falling within the statutory range is unreviewable. *Akins* at ¶ 16. Because Gonzalez's sentence falls within the statutory range for a third-degree felony, we find no merit to his argument.

{¶8} Gonzalez's first assignment of error is overruled.

{¶9} In his second assignment of error, Gonzalez argues that the trial court erred by ordering him to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14. This assignment of error is misplaced as the consecutive sentence was imposed in Cuyahoga C.P. No. CR-12-568705. The trial court held a joint sentencing hearing in that case and the present case. In this case, the court imposed a two-year prison sentence with credit for jail-time served. In CR-12-568705, the trial court ordered Gonzalez to be placed in an in-patient treatment program as part of a two-year community control sanction sentence to be served after Gonzalez's prison term in the present case. Thus, the challenge properly lies in the appeal of the other action. *State v. Nordstrom*, 8th Dist. Cuyahoga No. 101656, 2015-Ohio-1453, ¶ 28. Gonzalez has not appealed from the sentencing order in CR-12-568705 and a challenge to that journal entry is beyond the scope of the present appeal.

**{¶10}** Appellant's second assignment of error is overruled.

**{¶11}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
ANITA LASTER MAYS, J., CONCUR