[Cite as *State v. Conklin*, 2017-Ohio-7108.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                                    Court of Appeals Nos. OT-16-018
                                                                                                  OT-16-019
       Appellee
                                                                       Trial Court Nos. 08 CR 099
v.                                                                                              15 CR 111

Shanan Conklin                                               **DECISION AND JUDGMENT**

       Appellant                                       Decided:  August 4, 2017

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney,
for appellee.

Howard C. Whitcomb, III, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is a consolidated appeal brought by appellant from the judgment of the Ottawa County Court of Common Pleas.  In this case, appellant was indicted on October 28, 2015, by the Ottawa County Grand Jury on eight counts.  Specifically, four counts of criminal non-support of dependents, a violation of R.C. 2919.21(A)(2), and four additional counts of criminal non-support of dependents, in violation of R.C. 2919.21(B).

**{¶ 2}** On February 17, 2016, appellant entered a plea of guilty to Count 1 and Count 3, each a felony of the fourth degree. The remaining counts were dismissed.

**{¶ 3}** On April 21, 2016, appellant was sentenced to serve a maximum period of incarceration of 18 months on each charge. These sentences were to be served consecutive to each other.

**{¶ 4}** At the time of the plea, appellant was also serving a community control sentence in a 2008 non-support case. Appellant admitted to being in violation of the terms of her community control in that case and was sentenced to serve 180 days but was given credit for time served in the Ottawa County jail.

**{¶ 5}** Appellant sets forth two assignments of error. The first assignment states,

> The trial court erred in imposing a maximum thirty-six (36) month sentence upon defendant-appellant in that it did not comply with the requirements of Ohio Revised Code Sections 2929.11 et seq and by doing so, violated defendant-appellant's right to due process.

**{¶ 6}** Appellant argues that her sentence was excessive and inconsistent with the sentencing criteria set forth in R.C. 2929.11 through 2929.14.

**{¶ 7}** The standard of appellate review of felony sentences is set forth in R.C. 2953.08. This court outlined that standard of review in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, as limiting our review to whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is contrary to law.

2.

**{¶ 8}** At the April 21, 2016 sentencing hearing, the trial court listened to the argument of appellant's counsel and statements made by the appellant in mitigation. The court also patiently listened to numerous other people that have been involved with appellant and the children. It also considered favorable letters submitted on behalf of appellant. The trial court stated on the record that it considered the overriding principles and purposes of sentencing, of protecting the public from future crimes and punishing appellant. The court also stated that it considered the relevant seriousness and recidivism factors. The trial court was not required to state its factual reasons of support for its findings. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. However, in this instance, the trial court specifically noted the presentence report pointed out that "the Defendant is no stranger to the Court." It further noted that at the time of sentencing on the 2008 case, the arrearages were $31,381.21 and that amount had grown to $51,234.02 at the time of the 2015 indictments.

**{¶ 9}** A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10. Further, in every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered. *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6.

3.

{¶ 10} We find the trial court properly considered the statutory factors and complied with all applicable rules and laws. We find the trial court's imposed sentence is not clearly and convincingly contrary to law, and the trial court did not err in sentencing appellant. Although appellant argues that a lesser sanction may have achieved the purposes of sentencing, the record demonstrates that the trial court clearly considered all of the relevant statutory factors, including the prior record of appellant, prior to sentencing and concluded that incarceration was the appropriate sentence.

{¶ 11} The first assignment of error is found not well-taken.

{¶ 12} Appellant's second assignment of error states,

> The trial court abused its discretion in imposing a maximum thirty-six (36) month sentence upon defendant-appellant as it was against the manifest weight of the evidence.

{¶ 13} As we have indicated in our response to appellant's first assignment of error, the standard of appellate review of felony sentences is set forth in R.C. 2953.08, not whether appellant's sentence was against the manifest weight of the evidence. That section states, in pertinent part:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its

discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 14} Since we have concluded that appellant has failed to clearly and convincingly demonstrate in this case that the sentence is not supported by the record or is otherwise contrary to law, the second assignment of error is found not well-taken.

{¶ 15} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
JUDGE

Arlene Singer, J.          

Thomas J. Osowik, J.       _____
CONCUR.                       JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.