**[Cite as *State v. Gates*, 2018-Ohio-1875.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                              Court of Appeals No.  S-17-045

  Appellee                                                   Trial Court No.  16 CR 1253

v.

Michael J. Gates                                          **DECISION AND JUDGMENT**

  Appellant                                                  Decided:  May 11, 2018

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**JENSEN, J.**

## I.      Introduction

**{¶ 1}** Appellant, Michael Gates, appeals the judgment of the Sandusky County

Court of Common Pleas, sentencing him to 16 years in prison after he pleaded guilty to

one count of rape and one count of gross sexual imposition.  Finding no error, we affirm.

## A.    Facts and Procedural Background

{¶ 2} On December 29, 2016, appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree.  The indictment stemmed from an incident that occurred in September 2016, in which appellant engaged in fellatio and masturbation with a juvenile who was two years old at the time.  Appellant had previously confessed to committing these acts during an interview and subsequent polygraph test with law enforcement officers from the Ottawa County Sheriff's office and the FBI.

{¶ 3} Appellant entered a plea of not guilty, and the matter proceeded through discovery.  On March 28, 2017, appellant, through appointed counsel, filed a motion to suppress "any and all statements made by [appellant] to law enforcement that the State may intend to use at trial."  The basis for the motion to suppress was the assertion that appellant was not properly advised of his *Miranda* rights prior to police questioning.  On June 21, 2017, the trial court denied appellant's motion to suppress, finding that appellant's confessions were voluntarily given while appellant was not under arrest.

{¶ 4} Two months later, appellant appeared before the trial court and entered a consent to be tried on a bill of information.  The bill of information contained one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree.  According to the bill of information, the rape count pertained to appellant's act of fellatio,

2.

while the gross sexual imposition count related to appellant's touching of the juvenile's penis in an act of masturbation that was "separate from the fellatio in Count 1." After a thorough Crim.R. 11 coloquy at which appellant acknowledged satisfaction with his counsel's representation, the trial court accepted appellant's plea on the bill of particulars and found him guilty of the offenses specified therein. Notably, the court did not ask the state to present a factual basis for the charges contained in the bill of particulars.

{¶ 5} At the conclusion of the hearing on the bill of particulars, the court referred appellant to the adult probation department for the preparation of a presentence investigation report and set the matter for sentencing. The sentencing hearing was held on September 26, 2017. At sentencing, the trial court ordered appellant to serve prison terms of 11 years for rape and 5 years for gross sexual imposition, to be served consecutively, for a total prison sentence of 16 years.

{¶ 6} On October 11, 2017, appellant filed his timely notice of appeal.

### B. Assignments of Error

{¶ 7} On appeal, appellant presents the following assignments of the error for our review:

I. The trial court erred by sentencing the defendant on both the rape and GSI offenses without examining the underlying facts to determine whether they were allied offenses of similar import pursuant to O.R.C. 2941.25.

3.

II.  Trial counsel was incompetent by not attempting to exclude the defendant's statements as evidence since there was no other proof of corpus delecti of the crimes or to assert that the crimes were allied offenses of similar import.

## II.  Analysis

### A.  Allied Offenses of Similar Import

{¶ 8} In his first assignment of error, appellant argues that the trial court erred in separately sentencing appellant for rape and gross sexual imposition without first determining whether those offenses were allied offenses of similar import.

{¶ 9} Relevant to appellant's allied offenses argument, R.C. 2941.25 provides:

(A)  Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B)  Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

4.

{¶ 10} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court examined in detail the analysis that must be performed in determining whether offenses are allied offenses of similar import under R.C. 2941.25. In so doing, the court identified three questions that must be asked: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *Id.* at ¶ 31. If the answer to any of these questions is "yes," the defendant may be convicted and sentenced for multiple offenses. *Id.* at ¶ 25, 30. The court explained that offenses are of dissimilar import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. It emphasized that the analysis must focus on the defendant's conduct, rather than simply compare the elements of two offenses. *Id.* at ¶ 30.

{¶ 11} Appellant failed to raise his allied offenses argument in the trial court below. Therefore, we review appellant's argument under a plain error standard of review. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. The court in *Rogers* stated that, under the plain error standard, it is the accused's burden "to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus," and, "absent that showing, the accused cannot demonstrate that the trial court committed plain error by failing to inquire whether the convictions merge for purposes of sentencing." *Id.*

5.

**{¶ 12}** We have previously held that a defendant may be convicted on both rape and gross sexual imposition where those charges are based upon separate conduct. *State v. Millhoan*, 6th Dist. Lucas Nos. L-10-1328 and L-10-1329, 2011-Ohio-4741, ¶ 49. "In deciding whether the two offenses are based upon the same conduct, the focus is upon whether both crimes were accomplished by a single act." *State v. St. John*, 11th Dist. Lake No. 2015-L-133, 2017-Ohio-4043, ¶ 20.

**{¶ 13}** Here, the record of the factual underpinnings that gave rise to appellant's convictions for rape and gross sexual imposition is not well developed. Indeed, the record at the plea hearing reveals that the trial court did not seek a statement from the state as to the factual basis that would support appellant's plea. However, the bill of particulars to which appellant consented specifies with regard to the rape count that appellant "forced fellatio on another person separate from the criminal act in Count 2." Moreover, the bill of particulars states that appellant "touched the penis of the other person in an act of masturbation separate from the fellatio in Count 1." Thus, the bill of particulars clearly indicates that the charges stem from two acts that were committed separately.

**{¶ 14}** Because these offenses were committed separately, they are not allied offenses of similar import. *See State v. Hay*, 3d Dist. Union No. 14-2000-24, 2000 Ohio App. LEXIS 5951, *7-8 (Dec. 19, 2000) ("The charge of gross sexual imposition was premised upon the alleged masturbation of [the child's] penis. This is separate and

6.

distinct from the action, specifically the act of fellatio, which constituted the sexual conduct which lead to the appellant's criminal charge for rape. Therefore, the appellant committed two separate offenses and he may be convicted of both."). Accordingly, the trial court did not commit plain error in failing to merge the offenses of rape and gross sexual imposition in this case, and appellant's first assignment of error is not well-taken.

### B. Corpus Delecti

{¶ 15} In his second assignment of error, appellant argues that trial counsel was ineffective for failing to file a motion in limine, seeking to have his confessions excluded pursuant to the corpus delecti rule.

{¶ 16} In order to demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694.

{¶ 17} The corpus delecti rule was explained by the Ohio Supreme Court in *State v. Maranda*, 94 Ohio St. 364, 114 N.E. 1038 (1916). In *Maranda*, the court stated:

> By the 'corpus delicti' of a crime is meant the body or substance of the crime, included in which are usually two elements: (1) the act; (2) the criminal agency of the act.

7.

It has long been established as a general rule in Ohio that there must be some evidence of a confession, tending to establish the corpus delicti, before such confession is admissible. The quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a prima facie case. *Id.* at paragraphs one and two of the syllabus.

{¶ 18} In order to satisfy the corpus delecti rule, the prosecution must introduce evidence tending to prove the fact that a crime was committed, but that evidence need not be direct; instead, circumstantial evidence may be relied upon to show corpus delicti. *Id.* at 371. Indeed, the burden upon the state to provide evidence of the corpus delecti is minimal. *State v. Edwards*, 49 Ohio St.2d 31, 36, 358 N.E.2d 1051 (1976).

{¶ 19} Here, the record contains evidence to satisfy the corpus delecti rule. Specifically, there is evidence that appellant communicated with a woman in Texas concerning the procurement of child pornography. During these chat room communications, appellant revealed that he had previously committed sexual offenses against children, and threatened to do so again if he was not provided with additional child pornography. While this evidence is circumstantial, it is sufficient to satisfy the prosecution's minimal burden relative to the corpus delecti rule. Consequently, a motion in limine challenging the admissibility of the confession under the corpus delecti rule

8.

would have been denied. Trial counsel was not ineffective for failing to file such a motion.

{¶ 20} Accordingly, appellant's second assignment of error is not well-taken.

### III.     Conclusion

{¶ 21} In light of the foregoing, the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                                                                                   JUDGE
Thomas J. Osowik, J.       

James D. Jensen, J.          _____
CONCUR.                                                                         JUDGE

_____
                                                                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.