[Cite as *State v. Sams*, 2019-Ohio-2052.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-18-038

     Appellee                              Trial Court No. 18 CR 049

v.

Clark Sams, Sr.                              **DECISION AND JUDGMENT**

     Appellant                             Decided:  May 24, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from the November 6, 2018 judgment entry of the Ottawa

County Court of Common Pleas, sentencing appellant, Clark H. Sams, Sr., to nine years

of imprisonment.  For the reasons set forth below, we affirm the judgment.

**{¶ 2}** Appellant sets forth one assignment of error:

The Trial Court's sentence of Clark H. Sams, Sr. ("Appellant") is excessive.

## Background

**{¶ 3}** On February 6, 2018, appellant, a 46-year-old married man and father of five children, snorted Oxycodone with his friend, Joshua Trapp. The duo had a conversation, which "started over money." Trapp wanted to rob either a bank or a pharmacy to get some money. It was decided that Trapp would rob the pharmacy at Magruder Hospital in Port Clinton, Ohio. Trapp dressed in camouflage and initially armed himself with a BB gun. Appellant suggested Trapp use either a 45 or 9 mm gun and gave Trapp a loaded, 9 mm gun. Trapp took the bullets out of the gun and wiped the bullets. Appellant asked Trapp what he was doing and Trapp said, "I have to wipe it clean in case you have to use it." Trapp reloaded the gun.

**{¶ 4}** Appellant drove Trapp to Magruder Hospital. Trapp got out of the car and ran toward the pharmacy. Appellant waited outside in the vehicle, which was parked about a block away and positioned so appellant could see the pharmacy door. Trapp robbed the pharmacy of certain medications at gunpoint. Thereafter, Trapp left the pharmacy, jumped into the waiting getaway vehicle. As appellant drove away, he noticed "the cops coming in" and told Trapp to remove his coat because the police were "looking for a dude with camo." When appellant and Trapp reached appellant's home, Trapp

2.

counted the stolen pills and burned the clothes he had been wearing. Appellant and Trapp then went out to sell the pills. Thereafter, appellant and Trapp were arrested.

{¶ 5} On February 22, 2018, appellant was indicted on one count of complicity to commit aggravated robbery, two counts of complicity to theft of drugs with firearm specifications, one count of inducing panic and two counts of tampering with evidence.

{¶ 6} On October 1, 2018, appellant entered a guilty plea to one count of complicity to commit aggravated robbery, a first-degree felony. The trial court informed appellant he could be sentenced to a maximum of 11 years in prison and fined up to $20,000. The court accept appellant's guilty plea and found appellant guilty.

{¶ 7} On November 5, 2018, a sentencing hearing was held. An employee of Magruder Hospital, who was present during the armed robbery of the pharmacy, spoke. She stated her life, her children's lives, her family's lives, her co-workers' lives and their families' lives have all been completely turned upside down since February 6, 2018. She noted the school system that her children attend was shut down, and her children came home in a panic. As a result of the incident, the employee suffers from PTSD, she does not sleep, she has at least two panic attacks a day and her family does not get her full attention. She acknowledged that she is still employed at the hospital but two of the four people who were in the pharmacy when it was robbed have left the employment of the pharmacy.

{¶ 8} Appellant's counsel also spoke and mentioned appellant was cooperative with authorities, was very remorseful, has no appreciable criminal history, was gainfully

3.

employed for twenty years and is a loving father. Counsel stated appellant was prescribed considerable prescriptions including Oxymorphone, Oxycodone, Subsys and Marinol in great quantities for several years, and was under the influence of these drugs.

Appellant then spoke and apologized to everyone at the hospital and accepted responsibility for his actions. Appellant requested the court order treatment in lieu of conviction.

{¶ 9} The court observed it reviewed R.C. 2929.12 and considered R.C. 2929.13, as well as the presentence report and the letters from appellant's mother and some of his children. The court remarked appellant had a closed-head injury from child abuse, issues with alcohol early on, severe mental health issues and physical pain issues for which considerable opiates were prescribed as treatment. The court noted what appellant did was very serious and needed to be addressed. The court sentenced appellant to nine years in prison and five years of postrelease control. At the parties' request, the court dismissed the remaining counts of the indictment. Appellant appealed.

**Arguments**

{¶ 10} Appellant argues his sentence was excessive in light of his age, remorse, assistance with law enforcement officials during the investigation, severe mental health issues including bipolar and schizophrenia, twenty-year employment history and law abiding past, except for a 1997 conviction for operating a vehicle while intoxicated. Appellant claims his criminal conduct was the proximate result of being over-prescribed painkillers. Appellant observes no one was physically injured as a result of the pharmacy

4.

robbery, although several people, who were held at gunpoint, suffered severe psychological injuries and trauma. Appellant contends the nine-year sentence is excessive and does not serve the overriding principles and purposes of felony sentencing, as it is unlikely he will commit another heinous crime and he can be rehabilitated while on community control.

{¶ 11} The state counters appellant's sentence is not excessive and should be upheld. The state argued the trial court considered, as required, R.C. 2929.11 and 2929.12 before it imposed sentence. The state noted a first-degree felony carries a presumption of prison, and the prison term range is three to eleven years. The state also observed appellant only cooperated with police after his arrest; he did not turn himself in after the robbery.

**Law**

{¶ 12} The standard of appellate review of felony sentences is set forth in R.C. 2953.08. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, this court defined that standard of review as whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is otherwise contrary to law.

{¶ 13} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State*

*v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10. In addition, in felony cases it is unnecessary for the trial court to articulate its consideration of each factor, so long as it is obvious from the record that the principles of sentencing were considered by the court. *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6.

**Analysis**

{¶ 14} The record shows that at the November 5, 2018 sentencing hearing, the trial court listened to the statement of a hospital employee who was in the pharmacy when it was robbed, arguments of appellant's counsel as well as appellant's statement admitting responsibility for the crime and expressing his remorse.

{¶ 15} The court remarked it reviewed R.C. 2929.11, and quoted the code section, including that the court shall be guided by the overriding purposes of felony sentencing which are to protect the public from future crime by the offender and to punish the offender, using minimum sanctions to accomplish those purposes, that the court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, and that the sentence shall be reasonably calculated to achieve the three overriding purposes of felony sentencing commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 16} The court also reviewed and considered R.C. 2929.12 and 2929.13, the presentence report and favorable letters submitted on appellant's behalf. The court

6.

mentioned the child abuse suffered by appellant, early alcohol issues appellant experienced and appellant's severe mental health issues as well as physical pain issues.

{¶ 17} In the written judgment entry, the trial court set forth it considered the record, oral statements, victim impact statements, the presentence report and the principles and purposes of sentencing under R.C. 2929.11, it balanced the seriousness and recidivism factors under R.C. 2929.12, and found "the more likely recidivism factors do not outweigh the less likely factors and the more serious factors do outweigh the less serious factors." The court also set forth it considered the factors set forth in R.C. 2929.13, and found appellant was not amenable to community control.

{¶ 18} We find the trial court properly considered the statutory factors and complied with all of the applicable rules and laws, including R.C. 2929.11 and 2929.12, and the sentence imposed was within the range provided for a felony of the first degree. We further find the sentence imposed by the trial court is not clearly and convincingly contrary to law, and the trial court did not err in sentencing appellant to a prison term of nine years. While appellant argued treatment would have achieved the purposes of sentencing, the record demonstrates the trial court clearly considered all relevant statutory factors prior to sentencing and concluded that incarceration was the appropriate sentence. Accordingly, appellant's assignment of error is found not well-taken.

{¶ 19} The judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                 _____
                                                      JUDGE

Arlene Singer, J.

                                              _____

Christine E. Mayle, P.J.                                       JUDGE
CONCUR.

                                              _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.