[Cite as *State v. Habel*, 2020-Ohio-217.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                              Court of Appeals No. OT-19-002

    Appellee                                              Trial Court No. 17 CR 172

v.

Cody Habel                                              **DECISION AND JUDGMENT**

    Appellant                                              Decided:  January 24, 2020

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Cody Habel, appeals from the Ottawa County Court of Common

Pleas judgment imposing maximum, consecutive sentences for three counts of rape.  For

the following reasons, we affirm the trial court's judgment.

**{¶ 2}** Appellant sets forth two assignments of error:

I. Trial counsel was incompetent for failing to file a motion to suppress as the knowing waiver of Miranda issues should have been severely questioned and brought to the attention of the court. Secondarily, a hearing should have been demanded as to the competency of the five year old star witness.

II. The sentence was contrary to law in that a maximum consecutive 33 year sentence for digital penetration placed upon a developmentally disabled first time sex offender violated the sentencing factors and gave no consideration to the mitigating factors.

## Facts

**{¶ 3}** On November 9, 2017, appellant was indicted on three counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b)(B). Each count carried a penalty of life imprisonment. The charges arose from three separate incidents involving a child, when the child was four and five years old.

**{¶ 4}** Appellant pled not guilty to the charges. Thereafter, appellant submitted a plea of not guilty by reason of insanity ("NGRI") and requested a psychological or psychiatric assessment to determine his mental state, his state of mind at the time of the offenses and his competency to stand trial. The court ordered an evaluation and appellant complied.

{¶ 5} On January 9, 2018, a psychologist issued a report in which she opined that appellant was not able to understand the proceedings against him or assist his attorney due to his low intellectual functioning. The psychologist further opined appellant cannot be restored to competency within the statutory guidelines. The state requested a second competency evaluation, which the court allowed.

{¶ 6} On March 17, 2018, a second psychologist issued a report in which he opined that appellant was able to understand the proceedings against him and assist his attorney. The psychologist opined that appellant appears to suffer from a mental illness, but it does not impact his ability to understand and participate in the court process. The psychologist also opined that appellant suffers from mild intellectual impairments, which were insufficient to meet the criteria for an intellectual disability diagnosis, and which do not fully prevent him from understanding and participating. If appellant had assistance, he would more completely understand the proceedings and most effectively assist in his defense.

{¶ 7} A competency hearing was held on April 27 and May 31, 2018, and the two psychologists testified. In an order dated September 5, 2018, the court found appellant was competent to stand trial.

{¶ 8} On September 14, 2018, appellant requested a psychological or psychiatric assessment to determine his mental condition and state of mind at the time of the offenses. The court ordered an evaluation. The evaluation was undertaken on October 19, 2018, and a report was issued on October 25, 2018. A hearing was held. In

3.

its November 15, 2018 judgment entry, the court ordered the October 25, 2018 report admitted into evidence, under seal, and found appellant possessed the requisite state of mind to be aware of the wrongfulness of his conduct on the date of the alleged offense, although appellant denied any wrongdoing. Appellant withdrew his plea of NGRI and entered a not guilty plea.

{¶ 9} On January 10, 2019, appellant entered guilty pleas to three amended counts of rape, with the life sentence specification removed from each count. Each of the amended counts of rape carried a maximum sentence of 11 years in prison.

{¶ 10} On January 28, 2019, a sentencing hearing was held. Appellant was classified as a Tier III sexual offender and sentenced to 11 years in prison on each amended rape count, to be served consecutively, for a total of 33 years in prison. Appellant timely appealed.

**First Assignment of Error**

{¶ 11} Appellant argues his trial counsel was ineffective by failing to file a motion to suppress the statements appellant allegedly made to law enforcement, as appellant "did not know who the President of the United States was, and could not subtract 3 from any number." Appellant contends "[a]n examination of his ability to appreciate Miranda waiver even marginally should have been tested."

{¶ 12} Appellant also asserts his trial counsel should have demanded a hearing as to the competency of the five-year-old witness against him. Appellant maintains

4.

"experienced counsel should have[,] by motion in limine[,] got this issue determined before a plea to a 33 year penalty."

## Law and Analysis

{¶ 13} Once a guilty plea is offered and accepted and judgment is rendered on the basis of the plea, the ability to challenge that judgment on appeal is limited to issues regarding the court's subject-matter jurisdiction or that the plea was not made knowingly, voluntarily or intelligently as required by Crim.R. 11. *State v. Drzayich*, 6th Dist. Lucas No. L-15-1113, 2016-Ohio-1398, 62 N.E.3d 850, ¶ 12.

{¶ 14} Here, appellant has not challenged the trial court's jurisdiction nor has he presented any evidence or argument that his trial counsel's claimed ineffectiveness prevented appellant from entering a knowing, voluntary, and intelligent guilty plea. Accordingly, we decline to address the merits of appellant's arguments, and his first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 15} Appellant claims his 33-year maximum, consecutive prison sentence is contrary to law as he is a developmentally disabled, first-time sex offender and the court did not consider mitigating factors. Appellant contends these mitigating factors include: his mental illnesses; his competency; his low functioning; his PTSD (posttraumatic stress disorder) diagnosis; being raised in many foster homes since his father's death when appellant was four years old; and being fired from every job he has ever held. Appellant

5.

asserts no PSI (presentence investigation report) was undertaken, and no ORAS (Ohio Risk Assessment System) score was available.

{¶ 16} Appellant argues the court stated recidivism was likely, but offered no reasons why. However, appellant submits "with his lack of showing reformation as a juvenile and his low functioning maybe he cannot learn to do something."

{¶ 17} Appellant maintains "[t]here was no physical harm, and it is hard to see how this is the worst form of the offense other than being committed against a small child which admittedly is horrible." Yet, appellant observes it involved "three crimes of opportunity because he lived in the home." Appellant notes "[t]he Court did not really explain the reasons for the crushing sentence although he is not really required to; simply saying he had contemplated the factors and found there was a continuing course of conduct. There appeared to be three isolated incidents against the same victim."

**Law**

{¶ 18} The standard of appellate review of felony sentences is set forth in R.C. 2953.08. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, this court defined that standard of review as whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is otherwise contrary to law.

{¶ 19} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies

6.

post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10. In felony cases it is unnecessary for the trial court to articulate its consideration of each factor, so long as it is obvious from the record that the principles of sentencing were considered by the court. *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6.

{¶ 20} When sentencing an offender for a felony, the trial court is be guided by the overall purposes of sentencing which are to "protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions * * * without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The felony sentence must be "reasonably calculated to achieve" these goals, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim," and "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 21} Before a trial court imposes consecutive sentences, the court is required to make three findings: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender * * *;" (2) the imposition of consecutive sentences is not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *;" and (3) one of the factors in R.C. 2929.14(C)(4)(a)-(c) applies. R.C. 2929.14(C)(4). R.C. 2929.14(C)(4)(b), which relates to this case, provides: "[a]t least two of the multiple offenses were committed as part of one or more

7.

courses of conduct, and the harm caused * * * was so great or unusual that no single prison term for any of the offenses committed * * * adequately reflects the seriousness of the offender's conduct."

## Analysis

{¶ 22} The record shows that at the January 28, 2019 sentencing hearing, the trial court stated that although it did not have a "technical PSI," it did have a lot of background information including police reports, psychological reports, psychologists' testimony, a statement from appellant and favorable letters submitted on appellant's behalf. The state offered a statement, appellant's counsel presented arguments and appellant stated he was "[j]ust sorry for everything that happened." The court remarked "[w]e're here because of three rapes of a 5 year-old * * * [a]nd certainly, that is something that a child may not recover from."

{¶ 23} The court recognized that it looked at R.C. 2929.11, and quoted from that code section, including that the court shall be guided by the overriding purposes of felony sentencing, which are to protect the public from future crime by the offender and others, and to punish the offender using minimum sanctions to accomplish those purposes, without imposing an unnecessary burden on state or local governmental resources. To achieve those purposes, the court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. A sentence shall be reasonably calculated to achieve the three overriding purposes of felony sentencing and

8.

be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and be consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 24} The court indicated it considered the sentencing factors in R.C. 2929.12, noted that section requires a mandatory prison term, and stated "the more likely recidivism factors do outweigh the less likely factors; the more serious factors obviously outweigh the less serious factors."  The court observed that it considered R.C. 2929.13.

{¶ 25} The court sentenced appellant to 11 years in prison on each of the three counts of rape, with the sentences to be served consecutively, for a total period of incarceration of 33 years.  The court found consecutive sentences were necessary to protect the public from future crime and punish appellant, and were not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public.  The court further found at least two of the offenses were committed as part of one or more courses of conduct and the harm caused was so great or unusual that no single prison term for any of the offenses reflects the seriousness of appellant's conduct.

{¶ 26} In the written sentencing judgment entry, the trial court set forth it considered the record, oral statements, all victim impact statements, the psychological reports as well as the principles and purposes of sentencing under R.C. 2929.11, it balanced the seriousness and recidivism factors under R.C. 2929.12, and found the more likely recidivism factors outweigh the less likely factors and the more serious factors outweigh the less serious factors.  The court noted a mandatory prison term is required.

9.

The court also set forth it considered the factors set forth in R.C. 2929.13, and found appellant was not amenable to community control. The court set forth consecutive sentences were necessary to protect the public from future crime and to punish appellant, and were not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public. The court set forth at least two of the offenses were committed as part of one or more courses of conduct and the harm caused was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of appellant's conduct.

{¶ 27} A review of the record shows the defense waived a PSI, but the record includes three comprehensive psychological reports concerning appellant, his background, and the crimes, which were authored by three separate psychologists following each psychologist's evaluation and assessment of appellant. The court referenced these reports and other information in the record, as well as the relevant law, prior to imposing sentence. We therefore find the trial court properly considered all relevant statutory factors prior to sentencing, and complied with all of the applicable rules and laws, including R.C. 2929.11 and 2929.12, and imposed a sentence within the permissible statutory sentencing range for first-degree felonies.

{¶ 28} Our examination of cases involving comparable crimes committed by similar offenders reveals appellant's sentence is consistent with the sentences imposed in those cases, and is not disproportionate or demeaning to the seriousness of the offender's conduct and its impact upon the victim. *See State v. Gates*, 6th Dist. Sandusky No.

10.

S-17-045, 2018-Ohio-1875; *State v. Kamer*, 6th Dist. Lucas Nos. L-10-1103, L-10-1189, 2012-Ohio-722; *State v. Millhoan*, 6th Dist. Lucas Nos. L-10-1328, L-10-1329, 2011-Ohio-4741; and *State v. Harvey*, 3d Dist. Hancock No. 5-10-05, 2010-Ohio-5408.

{¶ 29} We further find the sentence imposed is supported by the record and is not clearly and convincingly contrary to law.  Thus, we conclude the trial court did not err in sentencing appellant to a prison term of 33 years.  Accordingly, appellant's second assignment of error is not well-taken.

{¶ 30} The judgment of the Ottawa County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                     _____

                                                                    JUDGE

Thomas J. Osowik, J.            

Christine E. Mayle, J.                   _____
CONCUR.                                                               JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.