[Cite as *State v. Martin*, 2020-Ohio-291.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                        Court of Appeals No. S-19-026

    Appellee                                    Trial Court No. 18 CR 644

v.

Brian K. Martin                                     **DECISION AND JUDGMENT**

    Appellant                                    Decided:  January 31, 2020

* * * * *

Joseph H. Gerber, Sandusky County Assistant Prosecuting Attorney,
for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Brian Martin, appeals from the Sandusky County Court of
Common Pleas judgment imposing consecutive sentences.  For the following reasons, we
affirm the trial court's judgment.

**{¶ 2}** Appellant sets forth one assignment of error:

1. The Trial Court's sentence of Brian K. Martin ("Appellant") is excessive and violates the law insofar as the Trial Court should have sentenced Appellant's incarceration to run concurrently.

## Background

**{¶ 3}** On June 18, 2018, appellant was indicted on nine felony drug trafficking charges. Appellant pled not guilty to the charges.

**{¶ 4}** On February 27, 2019, appellant pled guilty to two counts of trafficking in cocaine (Counts 1 and 2 of the indictment) in violation of R.C. 2907.02(A)(1)(C)(4)(b), each with the specification of trafficking in the vicinity of a school zone ("school specification"), and two counts of trafficking in heroin (Counts 3 and 8 of the indictment) in violation of R.C. 2925.03(A)(1)(C)(6)(b), each with a school specification. All of the counts were felonies of the fourth degree.

**{¶ 5}** On May 2, 2019, a sentencing hearing was held and appellant was sentenced to 18 months in prison on each of the four counts to which he pled guilty, with Counts 1 and 2 to run concurrently with each other, Counts 3 and 8 to run concurrently with each other, and Counts 1 and 2 to run consecutively to Counts 3 and 8, for a total of 36 months in prison, which were ordered to run consecutively to the sentence entered by the Seneca County Court of Common Pleas in case Nos. 18-CR-0078 and 18-CR-0134. On May 22, 2019, the trial court filed a judgment entry of sentencing. Appellant timely appealed.

## Assignment of Error

{¶ 6} Appellant argues his 36-month prison sentence is excessive and contrary to law, because he should have received concurrent sentences. Appellant asserts he had horrible life circumstances, as he was conceived in rape when his mother was 14 years old, he was abandoned by his mother shortly after birth and was raised by an aunt, then a cousin. Appellant maintains he had issues with special education while in school.

{¶ 7} Appellant submits he is in his mid-40s and is currently incarcerated in Seneca County, where he is a model prisoner. Appellant recognizes he has a drug problem and is now ready to deal with it. Appellant contends he is genuinely remorseful and is a changed person.

## Law

{¶ 8} The standard of appellate review of felony sentences is set forth in R.C. 2953.08. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, this court defined that standard of review as whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is otherwise contrary to law.

{¶ 9} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10. In felony cases it is

3.

unnecessary for the trial court to articulate its consideration of each factor, so long as it is obvious from the record that the principles of sentencing were considered by the court. *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6.

{¶ 10} When sentencing an offender for a felony, the trial court is to be guided by the overall purposes of sentencing which are to "protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions * * * without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The felony sentence must be "reasonably calculated to achieve" these goals, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim," and "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 11} Before a trial court imposes consecutive sentences, the court is required to make three findings: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender * * *"; (2) the imposition of consecutive sentences is not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *"; and (3) one of the factors in R.C. 2929.14(C)(4)(a)-(c) applies. R.C. 2929.14(C)(4). R.C. 2929.14(C)(4)(c), which relates to this case, provides: "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

4.

## Analysis

{¶ 12} The record shows at the May 2, 2019 sentencing hearing, the trial court listened to the state's position, appellant's counsel's arguments and appellant's statement, including that he is a changed person. The court observed it was cognizant of the overriding purposes of sentencing pursuant to R.C. 2929.11, including to protect the public from future crime by the offender and others, and to punish the offender using minimum sanctions, without imposing an unnecessary burden on the state or local government resources. To achieve those purposes, the court considered the rehabilitation of the offender, providing restitution to the victim and/or public, the need to incapacitate the offender and to deter the offender and others.

{¶ 13} In imposing the sentence, the court tried to achieve the purposes of R.C. 2929.11(B) and (C), have the sentence reflect the seriousness of the offender's conduct and its impact on society, and be consistent with sentences imposed for similar crimes committed by similar offenders, and not based on race, gender, ethnicity and religion.

{¶ 14} The court noted appellant had prior felony convictions dating back to 1997, 2002, 2003, 2005, 2013, 2016, and two in 2018. The court believed no available community control sanctions would adequately fulfill the overriding purposes and principles of sentencing. The court considered the factors indicating appellant's conduct is more serious or less serious, under R.C. 2929.12(B), and found none applied.

{¶ 15} In considering recidivism factors, under R.C. 2929.12(D), that appellant is more likely to commit further crimes, the court reviewed appellant's history of criminal

5.

convictions and juvenile adjudications in the PSI (presentence investigation report), including a finding of delinquency in 1992 for a third-degree felony, the felony convictions previously referenced and misdemeanor cases, too many to mention.

{¶ 16} The court remarked appellant has not responded favorably to sanctions previously imposed, as he has been placed on community control sanctions at least five times and was terminated unsuccessfully four times. The successful termination occurred about 20 years ago and the last, unsuccessful termination happened in 2016.

{¶ 17} The court then sentenced appellant to 18 months in prison on each of the four counts, with Counts 1 and 2 to be served concurrently with each other, Counts 3 and 8 to be served concurrently with each other, and Counts 1 and 2 to run consecutively to Counts 3 and 8, which shall run consecutively to the sentence appellant is serving out of Seneca County, for a total period of incarceration of 36 months. The court found consecutive sentences were necessary to protect the public from future crime and punish appellant, were not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public, and appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him.

{¶ 18} The court addressed appellant and informed him that his trial counsel "did the best that he could to try to convince this Court that this Court shouldn't impose consecutive sentences, but, quite frankly, your record speaks for itself." The court noted "you got picked up on this charge * * * they didn't arrest you, and you continued to deal drugs, which accumulated more counts in this indictment." The court also mentioned

6.

"you can't with a straight face, say you've seen the light of day when you were charged with this [but] you continued to pick up charges from other counties."

{¶ 19} In the written judgment entry of sentencing, the trial court set forth it considered the record, oral statements, presentence reports as well as the principles and purposes of sentencing under R.C. 2929.11, and it balanced the seriousness and recidivism factors under R.C. 2929.12. The court set forth appellant was not amenable to community control, it would demean the seriousness of appellant's conduct and its impact on the victim, and a prison sentence was commensurate with the seriousness of appellant's conduct and its impact on the victim, and it did not place an unnecessary burden on the state governmental resources. The court set forth, pursuant to R.C. 2929.13(D), it is presumed that a prison term is necessary to comply with the principal and purposes of sentencing under R.C. 2929.11.

{¶ 20} The court further set forth consecutive sentences were necessary to protect the public from future crime or to punish appellant, were not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public, and appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him.

{¶ 21} A review of the record, including the PSI, as well as the relevant law shows the trial court properly considered all relevant statutory factors prior to sentencing, and complied with all of the applicable rules and laws, including R.C. 2929.11 and 2929.12, when it imposed a sentence within the permissible statutory sentencing range for

7.

fourth-degree felonies.  *See* R.C. 2929.11(A)(4).  We therefore find the 36-month prison sentence imposed by the trial court is supported by the record, is not excessive, and is not clearly and convincingly contrary to law.  Accordingly, appellant's assignment of error is not well-taken.

{¶ 22} The judgment of the Sandusky County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                                  JUDGE

Arlene Singer, J.               

Gene A. Zmuda, P.J.                 _____
CONCUR.                                              JUDGE

_____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.