**[Cite as *State v. Sheets*, 2021-Ohio-754.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                            Court of Appeals No. OT-20-014

       Appellee                      Trial Court No. 20 CR 003

v.

 Charles Sheets                      **DECISION AND JUDGMENT**

       Appellant                      Decided:  March 12, 2021

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Charles Sheets, from the

May 20, 2020 judgment of the Ottawa County Court of Common Pleas.  For the reasons

that follow, we affirm.

**{¶ 2}** Appellant sets forth one assignment of error:

The Trial Court's sentence of Charles R. Sheets ("Appellant") is excessive and contrary to Ohio law.

## Background

**{¶ 3}** On December 9, 2019, appellant was driving a vehicle in Ottawa County, Ohio, when law enforcement stopped him for speeding. A canine was deployed and methamphetamine was found in the vehicle.

**{¶ 4}** On January 8, 2020, appellant was indicted on two counts: Count 1 - aggravated possession of methamphetamine; and Count 2 - trafficking in methamphetamine, both second-degree felonies. Appellant pled not guilty to the charges.

**{¶ 5}** On March 11, 2020, a change of plea hearing was held where appellant pled guilty to an amended Count 1 - aggravated possession of methamphetamine in violation of R.C. 2925.11(A) and (C)(1)(b), a felony of the third degree. The trial court accepted appellant's plea and found him guilty.

**{¶ 6}** On May 20, 2020, a sentencing hearing was held and appellant was sentenced to 30 months in prison and ordered to pay a mandatory fine of $5,000. In addition, appellant's driver's license was suspended for three years. Appellant timely appealed.

## Assignment of Error

**{¶ 7}** Appellant argues his prison sentence is excessive and contrary to law as the trial court should have imposed the minimum sentence, which would have rehabilitated him.

2.

**{¶ 8}** Appellant observes that at the sentencing hearing, he apologized to his family, the community and the court. Appellant recognizes he has a drug addiction problem and mental health issues. Since he has been jailed, appellant has received individual and group therapy sessions to deal with the trauma he has experienced in his life, and he has done well with the jail's treatment program.

**{¶ 9}** Appellant asserts the trial court should not have sentenced him to three years in prison in light of his aggressive attempts to engage in counseling and address his substance abuse issues.

### Law

**{¶ 10}** The standard of appellate review of felony sentences is set forth in R.C. 2953.08. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, this court defined that standard of review as whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is otherwise contrary to law.

**{¶ 11}** A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10. In felony cases it is unnecessary for the trial court to articulate its consideration of each factor, so long as it is obvious from the record that the principles of sentencing were considered by the court. *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6.

3.

{¶ 12} When sentencing an offender for a felony, the trial court is to be guided by the overall purposes of sentencing which are to "protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions * * * without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The felony sentence must be "reasonably calculated to achieve" these goals, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim," and "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

## Analysis

{¶ 13} Upon review, the record shows at the May 20, 2020 sentencing hearing, the trial court listened to the state's position where it recommended the maximum sentence, appellant's counsel's arguments to impose a shorter sentence, specifically in light of COVID-19 and the conditions in the prisons, and appellant's statement and apologies. The court observed it was guided by the overriding purposes of sentencing pursuant to R.C. 2929.11, including to protect the public from future crime by the offender and others, and to punish the offender using minimum sanctions, without imposing an unnecessary burden on the state or local government resources. To court considered the rehabilitation of the offender, providing restitution to the victim, the public or both, the need to incapacitate the offender and to deter the offender and others.

4.

{¶ 14} In imposing the sentence, the court tried to achieve the purposes of R.C. 2929.11, have the sentence reflect the seriousness of the offender's conduct and its impact on society, and be consistent with sentences imposed for similar crimes committed by similar offenders, and not based on race, gender, ethnicity and religion.

{¶ 15} The court noted pursuant to R.C. 2929.12, a mandatory prison term was not required, but there was a presumption of a prison term. The court considered the factors in R.C. 2929.12, and found the more likely recidivism factors outweighed the less likely factors. The court then imposed the 30-month prison term and other sanctions.

{¶ 16} In the written sentencing judgment entry, the trial court set forth it considered the record, oral statements, pre-sentence report, victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11, and it balanced the seriousness and recidivism factors under R.C. 2929.12. The court set forth a mandatory prison term was not required, but there was a presumption of prison. The court found the more likely recidivism factors outweighed the less likely factors, and appellant was not amenable to community control. The court sentenced appellant to 30 months in prison on amended Count 1, and was given credit for 164 days served. Appellant was also ordered to pay a mandatory fine of $5,000, and appellant's driver's license was suspended for three years. The court dismissed Count 2 of the indictment, per the parties' agreement.

{¶ 17} A review of the record, including the pre-sentence investigative report with appellant's lengthy criminal record, and the relevant law shows the trial court properly considered all of the relevant statutory factors prior to sentencing, and complied with all

5.

of the applicable rules and laws, including R.C. 2929.11 and 2929.12, when it imposed a sentence within the permissible statutory sentencing range for a third-degree felony. *See* R.C. 2929.14(A)(3)(b). We therefore find the 30-month prison sentence imposed by the trial court is supported by the record, is not excessive, and is not clearly and convincingly contrary to law. Accordingly, appellant's assignment of error is not well-taken.

{¶ 18} The judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.